UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUNYA TIPYASOTHI, et al., <br><br> Plaintiff, <br><br> v. <br><br> HILDA L. SOLIS, Secretary, Department of Labor, <br><br> Defendant. | CASE NO. C11-304-RSM <br><br> ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court upon Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6). Dkt. #5. Defendant's motion was filed on May 2, 2011 and properly noted for consideration on May 27, 2011. Pursuant to Local Rule CR 7(d)(3), Plaintiffs' response to Defendant's motion was due May 23, 2011. Instead of responding to Defendant's motion, Plaintiffs filed a "Motion for Summary Judgment/Response to Motion to Dismiss" (Dkt. #6) on May 27, four days after the response was due. On June 2, 2011, Plaintiffs filed an amended complaint and a motion to modify the court's scheduling order. Dkt. #s 8 & 9.

First, a plaintiff may amend its complaint once as a matter of right within 21 days after serving it or, if it is one to which a responsive pleading is required, 21 days after service of a motion under Rule 12(b), (e) or (f). Fed. R. Civ. P. 15. Plaintiffs' time period for filing an amended complaint without leave of the court expired on May 23, 2011. Therefore, Plaintiffs' June 2, 2011 amended complaint is improper. Plaintiffs' only explanation for their failure to comply with the Federal Rules of Civil Procedure is that "[t]he Amended Complaint only changed by including Exhibit A and B that was first introduced by [Docket] 6." Dkt. #11, p. 2. This is not a justification.

Second, with respect to Plaintiffs' decision to respond to Defendant's motion to dismiss four days late by filing a motion for summary judgment, Plaintiffs' only explanation appears to be that, "Defendant's Motion to Dismiss appeared to be mislabeled, and should be a Motion for Summary Judgment, in the alternative, Motion to Dismiss." Dkt. #9, p. 2. However, even if Defendant's motion had been mislabeled, it still would have required a response on May 23, 2011. "If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b). Plaintiffs are represented by counsel and have offered the Court no reason or good cause that would justify leniency with respect to the generally applicable rules of this court. Moreover, by failing to follow both the Local Rules and the Federal Rules of Civil Procedure in the short period of time since Defendant filed its Motion to Dismiss, Plaintiffs have provided the Court with no reason to believe, that if given leniency now, they would not choose to similarly flout rules and orders going forward. The Court therefore construes Plaintiffs' failure to timely respond to Defendant's motion to dismiss as an admission that it has merit.

Accordingly, having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record in this case, the Court hereby finds and ORDERS:

(1) Plaintiffs' cause of action is hereby DISMISSED without prejudice for failure to state a claim upon which relief may be granted. If Plaintiffs wish to pursue this action, Plaintiffs shall file an amended complaint within <u>thirty days</u> of this order. Failure to file an amended complaint will result in dismissal with prejudice.

(2) All pending motions are STRICKEN as moot.

(3) The Clerk of the Court is directed to forward a copy of this order to all counsel of record.

Dated July 1, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE