1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

PUNYA TIPYASOTHI, *et. al.*,

CASE NO. CV-11-0304-RSM

11

Plaintiffs,

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

12

v.

13

HILDA L. SOLIS, Secretary, Department
of Labor,

14

15

Defendant.

16

## I. INTRODUCTION

17   This matter comes before the Court upon Defendant's Motion to Dismiss Plaintiffs'

18   Amended Complaint.   Dkt #18.   For the reasons set forth below, Defendant's motion is

19   GRANTED.

20

## II. BACKGROUND

21   Plaintiff Punya Tipyasothi is Vice-President of Lumpinee Inc. ("Lumpinee"), a

22   corporation doing business in the State of Washington as "Racha Noodles & Thai Cuisine."

23   Plaintiff Plutthiphong Srigrarom ("Srigrarom") is an alien worker who currently resides in

24

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

1    Lynnwood, Washington.    On June 7, 2004, Lumpinee filed an Application for Alien

2    Employment Certification (Form ETA-750) with the United States Department of Labor

3    ("DOL") on behalf of Srigrarom for employment at Racha Noodles & Thai Cuisine.   The DOL

4    approved this application on March 28, 2007.   Lumpinee completed and signed a Form I-140

5    petition on May 25, 2007.   However, the I-140 was not filed with the Department of Homeland

6    Security prior to January 12, 2008.

7          On March 28, 2007, when Lumpinee's ETA-750 application was approved, the DOL

8    regulation in effect (March 28, 2007) provided that the "labor certification is valid indefinitely."

9    20 C.F.R. § 656.30(a) (2006).   However, on May 17, 2007, the DOL issued, and published in the

10   Federal Register, a final regulation amending 20 C.F.R. § 656.30.   The regulation now provides,

11   in pertinent part, as follows:

12          (b) Expiration of labor certifications. For certifications resulting from applications filed
             under this part and 20 CFR part 656 in effect prior to March 28, 2005, the following
13           applies:

14          (2) An approved permanent labor certification granted before July 16, 2007 expires if not
             filed in support of a Form I-140 petition with the Department of Homeland Security
15           within 180 calendar days of July 16, 2007.

16   20 C.F.R. § 656.30(b) (2007).

17          Lumpinee did not receive individual notice of the change to the regulation from the DOL.

18   Pursuant to the amended regulation, because Lumpinee had not filed an I-140 petition,

19   Lumpinee's labor certification expired on January 13, 2008.

20          Plaintiffs bring claims against the DOL challenging its authority to issue 20 C.F.R. §

21   656.30(b), as amended, and the DOL's automatic invalidation of Lumpinee's labor certification.

22   Plaintiffs allege that, as amended, § 656.30(b) applies retroactively. Therefore, the DOL has

23   violated § 706 of the Administrative Procedures Act ("APA") by issuing a retroactive regulation

24

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

1  without statutory authority. 5 U.S.C. § 706 (2006). Plaintiffs further allege that the invalidation

2  of the labor certification was a revocation, thus, requiring that Plaintiffs receive individualized

3  written notice of the amended regulation under 20 C.F.R. § 656.32(b)(1) (2007).

### III. DISCUSSION

5  **A. Standard of Review**

6      In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the

7  plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face."

8  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

9  U.S. 544, 570 (2007)).  A claim is facially plausible if the plaintiff has pled "factual content that

10  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

11  alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).  In making this assessment, the Court accepts all

12  facts alleged in the complaint as true, and makes all inferences in the light most favorable to the

13  non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009)

14  (internal citations omitted).  The Court is not, however, bound to accept the plaintiff's legal

15  conclusions. *Iqbal*, 129 S. Ct. at 1949-50.  While detailed factual allegations are not necessary,

16  the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the

17  elements of a cause of action." *Twombly*, 550 U.S. at 555.

18  **B. Retroactivity**

19      Generally, the Court must apply the two-step analysis set forth in *Landgraf v. USI Film*

20  *Products*, 511 U.S. 224 (1994), to determine whether a regulation is impermissibly retroactive.

21  This Court and other courts have applied the *Landgraf* analysis to address the retroactive effect

22  of 20 U.S.C. § 656.30(b) (2007) and found that there is no impermissible retroactive effect when

23  applied to labor certifications issued prior to July 17, 2007. *Elim Church of God v. Hilda Solis*,

24

1  No. C10-1001RSM, 2011 WL 5873264, at *6 (W.D. Wash. Nov. 21, 2011); *Durable Mfg. Co. v.*

2  *U.S. Dep't of Labor*, 578 F.3d 497, 504 (7th Cir. 2009). Plaintiffs' labor certification was

3  approved on March 28, 2007, subjecting it to the provisions of § 656.30(b) but the Plaintiffs'

4  never filed the I-140 petition. Therefore, Plaintiffs' labor certification was invalidated on January

5  13, 2008 - 180 days after July 16, 2007. Dkt. #17, ¶14. Plaintiffs' have not provided any other

6  facts that may lead the Court to reach any other conclusion than that reached in *Elim Church of*

7  *God*, 2011 WL5873264, at *6, and *Durable Mfg. Co.*, 578 F.3d at 504.

8  **C.  Notice**

9          Plaintiffs assert that they were not provided sufficient notice because they were not

10  provided individualized notice. Dkt. #17, ¶13. However, in order to provide legally sufficient

11  notice of rule changes, the APA only requires publication of proposed and final rules with the

12  Federal Register. 5 U.S.C. § 553(b-d) (2006), 5 U.S.C. § 552(a)(1)(D) (2006). Plaintiffs received

13  legally sufficient notice of the change by publication of the proposed rule and notice of the final

14  rule in the Federal Register. 71 Fed.Reg. 7656, 7663 (DOL) (Feb. 13, 2006); 72 Fed.Reg. 27904,

15  27946 (DOL) (May 17, 2007); *see also Elim Church of God*, 2011 WL 5873264, at *4.

16  Therefore, this claim is without merit and is barred as a matter of law.

17  **D.  Revocation**

18          Under 20 C.F.R. § 656.32, the DOL must provide individualized written notice to an

19  employer when the DOL plans to revoke an approved labor certification:

20          (a)  Basis for DOL revocation. The Certifying Officer in consultation with the Chief,
            Division of Foreign Labor Certification may take steps to revoke an approved labor
21          certification, if he/she finds the certification was not justified.

22          (b) Department of Labor procedures for revocation.

23                  (1) The Certifying Officer sends to the employer a Notice of Intent to Revoke an
                    approved labor certification which contains a detailed statement of the grounds
24                  for the revocation and the time period allowed for the employer's rebuttal.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4

20 C.F.R. § 656.32(a)-(b).

Plaintiffs' assert that their labor certification was revoked; therefore, Plaintiffs were entitled to individualized written notice. However, § 656.32 is inapplicable to this case. Plaintiffs have not asserted any facts showing that the DOL revoked the labor certification. Rather, Plaintiffs attempt to apply the § 656.32 notification requirement to the provisions of § 656.30 by equating "expiration" under § 656.30 to "revocation" under § 656.32. *See* Dkt. #17, ¶¶13, 14. The text of § 656.30, as amended, explicitly states that the "labor certification . . . *expires* if not filed in support of a Form I-140 . . . within 180 calendar days of July 16, 2007." 20 U.S.C. § 656.30(b)(2) (2007) (emphasis added). Plaintiffs have not offered any facts to show that the labor certification was actually revoked. Dkt. #17. Furthermore, Plaintiffs seem to concede that had the I-140 petition been properly submitted the labor certification would not have been invalidated, thus, thwarting any claim of revocation. Dkt. #17, ¶¶14, 21.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1)  Defendant's Motions to Dismiss (Dkt. #18) is GRANTED, as set out above.

(2)  The Clerk is directed to forward a copy of this Order to plaintiffs and to all counsel of record.

Dated January 24, 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5